**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEITH EUGENE WALLS, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO.  20-2437 |

<u>**MEMORANDUM**</u>

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                            January 20, 2021

Keith Eugene Walls ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying him Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  Plaintiff has filed a brief in support of his request for review, the Commissioner has filed a motion to remand the case, wherein he concedes the ALJ committed reversible error, and, in response to the Commissioner's motion, Plaintiff repeats his request for an award of benefits.  For the reasons set forth below, Plaintiff's request for review is granted and the Commissioner is ordered to calculate and award benefits.

**I.      PROCEDURAL HISTORY**[1]

On September 20, 2012, Plaintiff applied for SSI, alleging disability, because of physical and mental health impairments.  Pl. Br. at 1.  The claim was denied, initially, and Plaintiff requested a hearing.  *Id.*  On July 23, 2014, Plaintiff appeared before an Administrative Law Judge

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Contested Motion for Remand ("Def. Mot."), Plaintiff's Response to the Motion ("Pl. Resp."), and the administrative record.  ("R.").  Since there is no dispute about the procedural history, this court relies upon Plaintiff's recitation and the undersigned's prior opinion.

("ALJ"), for a  hearing; Plaintiff and a vocational expert ("VE") testified at the hearing.  *Id.*  On September 8, 2014, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision.  *Id.*  The Appeals Council denied Plaintiff's request for review, making the ALJ's findings the final determination of the Commissioner.  *Id.*  Plaintiff sought review in this court and the Commissioner agreed to a voluntary remand.  *Id.*

On remand, the Appeals Council ordered the ALJ to reconsider the manipulative limitations contained in the non-treating source's opinion.  Pl. Br. at 1.  A new hearing was held before the original ALJ on August 23, 2017; Plaintiff and a VE testified.  *Id.*  The ALJ issued another unfavorable decision, on November 30, 2017.  *Id.* at 1-2.  Plaintiff again sought judicial review in this court.

On March 14, 2019, the undersigned issued a Report and Recommendation ("R&R") to remand the case, identifying specific, harmful errors:  (1) ignoring the opinions of Dr. Galderi; (2) providing an inadequate explanation for rejecting the opinion of Dr. Yeo that Plaintiff would miss three days of work per month which, per the VE, was disabling; (3) providing an inadequate

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1.  If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed.  Otherwise proceed to Step 2.  *See* 20 C.F.R. § 416.920(b).

> 2.  If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed.  Otherwise proceed to Step 3.  *See* 20 C.F.R. § 416.920(c).

> 3.  If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed.  Otherwise proceed to Step 4.  *See* 20 C.F.R. § 416.920(d).

> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.  Otherwise proceed to Step 5.  *See* 20 C.F.R. § 416.920(f).

> 5.  The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled.  *See* 20 C.F.R. § 416.920(g).

explanation for rejecting the consistent opinions of Drs. Popowsky and Parchuri concerning Plaintiff's physical limitations; and (4) failing to resolve a conflict between the reasoning limitations contained in the residual functional capacity ("RFC") and the reasoning requirements of the jobs the ALJ found Plaintiff could perform. *Walls v. Berryhill*, Civ. A. No. 18-542, slip op. at 13-19 (E.D. Pa. Mar. 14, 2019) ("*Walls I*"). On April 4, 2019, the undersigned's R&R was approved and adopted. Pl. Br.at 3.

The Appeals Council again remanded the case, this time to a new ALJ. Pl. Br. at 3. The new ALJ rendered an unfavorable decision, on February 10, 2020. *Id.* Plaintiff again filed suit in this court.[3] *Id.* The Commissioner did not oppose Plaintiff's request for review, instead, he filed a motion to remand, conceding that the ALJ's decision does not comport with this court's prior remand. Def. Mot. at 1-2. In response, Plaintiff insists that another remand would unduly delay the award of benefits, to which he is entitled. Pl. Resp. at 1-4. This court finds: (1) the record is fully developed; (2) the new ALJ inexcusably failed to comply with this court's prior remand; (3) substantial evidence in the record demonstrates that Plaintiff is entitled to disability benefits; and (4) the excessive delay in this case that was not Plaintiff's fault. Hence, the Commissioner shall promptly calculate and award benefits.

## II.    DISCUSSION

### A.    The New ALJ Failed to Comply with the Court's Remand Order Concerning Drs. Galdieri and Yeo

The undersigned determined that the prior ALJ ignored the limitations found by the state agency consulting source, Dr. Galdieri. *Walls I*, at 12-13. This omission was significant because it impacted the ALJ's decision to reject the finding of treating source, Dr. Yeo, that Plaintiff would miss three days of work per month. *Id.* at 13. One of the grounds the ALJ relied upon for rejecting

---

[3] The parties consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

Dr. Yeo's finding was that it was unsupported by the medical record. *Id.* However, the prior ALJ's conclusion was erroneous, because Dr. Galdieri, whom the ALJ ignored, had found Plaintiff's mental health functioning to be more severely impaired than Dr. Yeo stated. *Id.* at 13-14. Hence, Dr. Galdieri's findings provide the supposedly-missing record support for Dr. Yeo's conclusion that Plaintiff would miss three days of work per month. *Id.* at 14. Dr. Yeo's finding is tremendously significant inasmuch as the VE testified that missing three days of work per month would render a person disabled. *Id.*

In her decision, the new ALJ failed to identify or address any of the specific errors for which remand was ordered. *See* R. 1115. Indeed, her decision reads as if this was the first ALJ hearing and decision, not the third. The new ALJ's failure to acknowledge and rectify the reasons for the court-ordered remand disregards this court's authority as well as Plaintiff's legitimate interests. Additionally, her failure to acknowledge the designated task insured that she would not perform it. Furthermore, the new ALJ's consideration of Dr. Galdieri's findings is limited to two sentences and fails to mention any of the doctor's specific findings; she simply affords the doctor's findings limited weight on the grounds that he did not examine Plaintiff and that additional records were added after he rendered his findings. *See* R. 1122. Notably, the new ALJ fails to consider whether Dr. Galdieri's specific findings buttress Dr. Yeo's finding that Plaintiff will miss three days of work per month. *See id.* As noted, this was one of the precise reasons the court remanded the case in 2019. *Walls I*, at 13-14. Since the new ALJ afforded Dr. Galdieri's findings limited weight, she was bound to consider whether his findings could support Dr. Yeo's disabling finding. The new ALJ's failure to do so constitutes an inexcusable, reversible error.

The new ALJ compounded her error when she considered Dr. Yeo's findings, which she also accomplished in two sentences. *See* R. 1122. While the new ALJ afforded some of Dr. Yeo's

findings great weight, she ignored his disabling finding on absenteeism. *See id.* Accordingly, the new ALJ ignored this court's remand order and, again, committed inexcusable, reversible error.

These errors alone justify reversing the new ALJ's determination of non-disability. Dr. Yeo's finding that Plaintiff would miss three days of work per month is disabling. *Walls I*, at 14. The new ALJ afforded some of Dr. Yeo's findings great weight, yet she ignored his disabling finding. *See* R. 1122. She did this despite court's specific direction to consider this finding. *Walls I*, at 14. Had the new ALJ complied with the court's order, she would have been compelled to take into account the support Dr. Galdieri's findings provide to Dr. Yeo's disabling finding. The new ALJ's failure to obey this court's remand order, combined with the findings she did make concerning Drs. Galdieri and Yeo, constitute substantial evidence to support the conclusion that Plaintiff is disabled.

**B.    The New ALJ Failed to Consider Properly the Opinions of Drs. Parchuri and Popowich**

The Commissioner concedes that the new ALJ failed to comply with this court's remand order concerning the opinions of Drs. Parchuri and Popowich. Def. Mot. at 1. This is another inexplicable, reversible error.

**C.    The New ALJ Failed to Resolve a Conflict Between the Reasoning Limitations Contained in the RFC and the Reasoning Requirements of the Jobs the Prior ALJ had Determined Plaintiff Could Perform**

In the prior decision, the ALJ found that Plaintiff's RFC would only permit him to perform jobs with "short, simple instructions." *Walls I*, at 18. However, according to the Dictionary of Occupational Titles ("the DOT") the three jobs the VE identified, and the prior ALJ relied upon – security guard, locker room attendant and visual inspector – require the ability to carry out detailed written or oral instructions. *Walls I*, at 18. The case was remanded so that the ALJ could resolve this discrepancy between the mental RFC limitations and the DOT job requirements. *Id.* at 18-19.

On remand, the new ALJ ignored this discrepancy and sought to render it moot by altering Plaintiff's RFC to include the ability to carry out detailed instructions and commands. R. 1120. Rather than defend the new ALJ's decision, the Commissioner seeks remand so that an ALJ can reconsider Plaintiff's mental RFC. Def. Mot. at 1-2. The court understands this to be a concession of another, reversible error. As explained below, this court declines to afford the Commissioner another opportunity to evaluate Plaintiff's disability.

**D.     An Award of Benefits is Warranted**

The Third Circuit has explained that, pursuant to the authority granted by 42 U.S.C. § 405(g), a district court can award benefits, rather than simply remanding for further consideration, when the administrative record is fully developed and "'substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits.'" *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 358 (3d Cir. 2008) (quoting *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984)). The court should also consider the delay in the case and whether the claimant is to blame for that delay. *Id.* (citations omitted).

The record in this case is voluminous, amounting to over 1600 pages; hence, there is no doubt that it is fully developed. As noted above, *see supra* Section II.A., the new ALJ's findings concerning Drs. Galdieri and Yeo, even though non-complaint with the court's 2019 remand, provide substantial evidence that Plaintiff is disabled. The Commissioner concedes additional instances of inexcusable, reversible error. Furthermore, the delay in this case is substantial. There have been three ALJ hearings, two federal court remands and Plaintiff, through no fault of his own, has waited more than eight years for a just resolution of his disability claim. The Commissioner's request for another remand would add more years to the delay. It is unfair and unnecessary to make Plaintiff wait further, particularly since the new ALJ completely ignored the court's 2019

remand instructions.  Notably, the Commissioner does not defend the most recent ALJ decision, which indicates to this court that its conclusions are untenable.  In these circumstances, the decisional law of this circuit permits this court to award Plaintiff benefits.  *See Brownawell*, 554 F.3d at 358.

An implementing Order and Order of Judgment follow.